UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASMAINE M. LINTON,

      Plaintiff,

      v.                              Case No. 25-C-361

KERRY L. KUFFENKAM et al.,

      Defendants.

---

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

---

    Plaintiff Jasmaine Linton, an inmate at Racine Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. He is proceeding on Eighth Amendment deliberate indifference claims against two physicians: Dr. Kerry Kuffenkam of Dodge Correctional Institution and Dr. Justin Ribault of Racine Correctional Institution. Dkt. No. 9. Linton alleges that Dr. Kuffenkam was deliberately indifferent to his prediabetes when she suggested he address the issue with exercise and diet even though she knew he was locked in his cell for twenty-three hours per day and had no control over the food he was served. Linton also alleges that Dr. Ribault was deliberately indifferent to his serious health conditions when he abruptly cancelled his prescriptions, after which Linton's A1C and cholesterol levels and his general health worsened. On November 24, 2025, Defendants filed a motion for partial summary judgment on the ground that Linton did not exhaust the available administrative remedies for his claim against Dr. Ribault. Dkt. No. 25. For the reasons explained below, the Court will grant Defendants' motion.

## PROCEDURAL MATTERS

In a notice and order entered the day after Defendants moved for partial summary judgment, the Court informed Linton that, under Civil L. R. 56(b), he was required to respond to each of Defendants' proposed facts "by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact." Dkt. No. 30. The Court further informed Linton that he "must support every disagreement with a proposed fact by citing to evidence," which he could do "by relying on admissible documents that he attaches to his response or by telling the Court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746." *Id.* In addition to explaining how to comply with §1746, the Court warned Linton that it would not be enough for him to simply file a declaration telling his side of the story because Civil L. R. 56(b)(2)(B) requires a party to respond to *each* proposed fact. The Court noted that, if Linton did not respond to a proposed fact, the Court would "assume that Linton does not dispute the proposed fact and w[ould] accept the proposed fact as true, regardless of contrary statements in a declaration." *Id*. (citing Civil L. R. 56(b)(4)).

On October 22, 2025, Linton filed a document entitled "Declaration in Opposition to Defendants' Motion for Summary Judgment." The document does not comply with the requirements of 28 U.S.C. §1746: It does not include a declaration that the statements were made under penalty of perjury or that the statements are true and correct, so Linton's so-called "declaration" has no evidentiary value. *See Zavala-Alvarez v. Darbar Management, Inc.*, 617 F. Supp. 3d 870, 886 (N.D. Ill. 2022) ("An unsworn statement that lacks a certification under penalty of perjury has no evidentiary value . . . . From an evidentiary standpoint, it's weightless."). Moreover, Linton did not respond to Defendants' proposed statements of fact as he was instructed. Accordingly, as Linton was warned, the Court will accept all of Defendants' proposed facts as true.

## BACKGROUND

Linton filed only one inmate complaint relevant to his claims in this lawsuit. On November 12, 2024, Linton prepared an inmate complaint while incarcerated at Racine Correctional Institution, in which he stated that Dr. Kerry Kuffenkam and others at Dodge Correctional Institution failed to inform him that he had prediabetes and kidney and liver disease. The inmate complaint, which was filed before Dr. Ribault started as Linton's primary provider, does not mention Dr. Ribault or any of Dr. Ribault's treatment decisions. Dkt. No. 27 at ¶¶20-23; Dkt. No. 28-2 at 11.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co*., 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

3

## ANALYSIS

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Failure to exhaust "is an affirmative defense, and the burden of proof is on the defendant." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Wisconsin has established the inmate complaint review system to review inmate grievances regarding policies, rules, living conditions, or employee actions that personally affect the inmate or institution environment. Wis. Admin. Code § DOC 310.06(1). To exhaust, a prisoner must file an inmate complaint as well as an appeal. The inmate complaint must "provide notice to the prison of the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020). Federal courts "take[ ] a strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809.

Linton did not file any inmate complaints about Dr. Ribault's responses to Linton's medical conditions. He therefore failed to exhaust the administration remedies because he did not give the institution notice of the wrongs for which he now seeks redress. His claim against Dr. Ribault must therefore be dismissed.

## CONCLUSION

For these reasons, Defendants' motion for partial summary judgment on exhaustion grounds (Dkt. No. 25) is **GRANTED** and Linton's claim against Dr. Ribault is **DISMISSED without prejudice**. The clerk's office is directed to terminate Dr. Ribault from this action.

Dated at Green Bay, Wisconsin this 1st day of December, 2025.

_____
William C. Griesbach
United States District Judge