# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JASMAINE M. LINTON,**

        **Plaintiff,**

v.                                             Case No. 25-C-361

**KERRY L. KUFFENKAM,**

        **Defendant.**

## DECISION AND ORDER

      Plaintiff Jasmaine Linton is currently serving a state prison sentence at Racine Correctional Institution and representing himself in this 42 U.S.C. §1983 action. He is proceeding on an Eighth Amendment medical care claim against Defendant Dr. Kerry Kuffenkam. On November 24, 2025, Linton filed a motion to compel, along with a supporting declaration. He explains that he recently received Defendant's responses to his discovery requests and that he disagrees with many of defense counsel's objections. He further explains that he believes some of Defendant's responses are incomplete or incorrect. Linton asks the Court to compel Defendant to provide him with all the information he seeks.

      The Court will deny Linton's motion to compel because it does not comply with the Court's local rules. Civil Local Rule 37 requires that all motions to compel include "a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." In other words, before filing a motion to compel, a party needs to first discuss the dispute with the opposing party's lawyer. And, if they cannot work

out the dispute and a party files a motion to compel, the party must include a certification in his motion that he first tried to work it out with the opposing party's lawyer. Linton's motion does not include the required certification, suggesting that he asked the Court to get involved before attempting to informally resolve his dispute with Defendant's counsel. Accordingly, the Court will deny his motion to allow Linton and Defendant's counsel the opportunity to resolve this issue without the Court's involvement.

The Court reminds Linton that the mere fact that he disagrees with an answer or objection does not necessarily mean that the answer or objection is improper. Moreover, his belief that information "may be helpful" does not necessarily mean the information is relevant to the issues in this case. Linton and Defendant's counsel are encouraged to work together in good faith in an effort to resolve Linton's concerns. Most parties are able to reach an agreement without the Court's intervention, which saves both the parties and the Court valuable time and resources. If Linton and defense counsel are unable to reach an agreement, Linton may renew his motion to compel. If he does so, he should set forth the request at issue, Defendant's response to that request, and an explanation of why he believes the response is improper or inadequate. The motion must also include the certification required by Civil L. R. 37.

**IT IS THEREFORE ORDERED** that Linton's motion to compel (Dkt. No. 33) is **DENIED without prejudice**.

Dated at Green Bay, Wisconsin this 2nd day of December, 2025.

William C. Griesbach
United States District Judge